Date signed September 13, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RONALD RAMON POLLARD | : | Case No. 10-17396PM |
| VIVIAN ANITA POLLARD | : | Chapter 13 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| RONALD R. POLLARD | : | |
| VIVIAN A. POLLARD | : | |
| Movants | : | |
| vs. | : | |
| | : | |
| SUNTRUST BANK | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

The objection to confirmation of Debtors' Plan filed by the Chapter 13 Trustee presents the issue as to whether, by virtue of the Debtors' discharge issued August 18, 2009, in a Chapter 7 case filed May 5, 2009, the Debtors' efforts to propose a confirmable Plan are barred. Debtors have filed what is often referred to as a Chapter 20 strip-off plan. The difficulty faced by the Trustee is that, on July 21, 2010, without opposition, this court passed an Order granted a motion to avoid the lien secured by a second deed of trust on the subject property [D.E. No. 27]. That Order also provided that "the claim of the Respondent herein shall be allowed as a general unsecured claim under the debtor's plan." No appeal was taken by any interested party. The court, therefore, considers that Order to be final in all respects, and no one has presented any argument to set it aside. For that reason, the Trustee's Objection will be overruled.

In so ruling, the court notes that, had there been opposition filed to the Motion to Avoid Lien, there is a substantial difference of opinion among the courts as to the allowability of lien stripping. One approach, as set forth in *In re Jarvis*, 390 B.R. 600 (BC C.D. Ill. 2008), holds that a debtor who is ineligible to receive a Chapter 13 discharge due to having received a discharge in a prior Chapter 7 case cannot use the successive filing to strip off a wholly unsecured junior lien. *See also In re Mendoza*, 2010 WL 736834, *4 (BC D. Colo. Jan. 21, 2010) ("Allowing Debtors to avoid [a] second mortgage lien through this subsequent Chapter 13 filing would be tantamount to granting them a discharge as to that debt, and would thereby render the bar set forth in section 1328(f) inonoperable."); *In re Fenn*, 428 B.R. 494 (BC N.D. Ill. 2010); *In re Blosser*, 2009 WL 1064455, *1 (BC E.D. Wis. April 15, 2009). Other courts, however, have reached the opposite conclusion and found that a debtor may file a Chapter 13 petition and seek to invoke the lien strip authorization of Section 1322(b) even if he is not eligible for discharge. See *In re Burnett*, 427 B.R. 517 (BC S.D. Cal. 2010); *In re Casey*, 428 B.R. 519 (BC S.D. Cal. 2010).

The third approach is found in the case of *In re Tran*, 431 B.R. 230 (N.D. Calif. 2010), where the court found that the debtor's ability to strip off a wholly unsecured junior lien is not conditioned on eligibility of discharge inasmuch as "nothing in the Bankruptcy Code precludes a debtor that is not eligible for a discharge from filing a chapter 13 case, obtaining confirmation of a chapter 13 plan, and with the exception of the right to a discharge, from enjoying all of the rights of a chapter 13 debtor, including the right to strip off liens." *Id*. at 237. The key inquiry rather was whether, under the totality of the circumstances, the Chapter 13 filing was made in bad faith. *Id*. at 235.

The court will defer ruling on the issue of confirmation of the Plan for 21 days. Should the Trustee see fit under the circumstances presented here to file a motion to dismiss the case as a "bad faith" filing, the court will hold a hearing thereon **November 30, 2010, at 3:00 p.m.**

**End of Memorandum of Decision**