Date signed February 09, 2011



```
              _____
                    PAUL MANNES
                U. S. BANKRUPTCY JUDGE
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RONALD D. POLLARD | : | Case No. 10-17396PM |
| VIVIAN A. POLLARD | : | Chapter 13 |
| | : | |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

  Timothy P. Branigan, the Chapter 13 Trustee, filed a Motion on September 28, 2010, pursuant to §§ 1307(c) and 1325(a)(7), to dismiss this bankruptcy case. The matter was heard by the court on December 21, 2010.

  This case presents a situation that is often referred to as a "Chapter 20" case, where the debtor sequentially files a Chapter 7 petition and, in due course, receives a discharge and thereafter files a Chapter 13 petition, so as to allow the debtor to receive relief that would be unobtainable in a case under Chapter 7. Here, Debtors filed a bankruptcy case under Chapter 7 on May 5, 2009 (09-18054), that proceeded in the normal course so that on August 12, 2009, Debtors received a discharge of some $244,701.28 of unsecured claims without priority. Debtors also scheduled some $520,739.87 in obligations to SunTrust Bank and SunTrust Mortgage (collectively, the "SunTrust Claims") said to be secured by liens on their residence that they valued at $375,000.00.

  In a bankruptcy case under Chapter 7, debtors may not use 11 U.S.C. § 506 to strip off wholly unsecured junior liens on their property. *See Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). While their Chapter 7 discharge relieved them from personal liability to SunTrust Bank

as to both obligations, Debtors' discharge did not affect the in rem liability of the property for those debts and did not affect the status of SunTrust's liens. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Hamlett*, 322 F.3d 342, 347-348 (CA4 2003); *In re Glance*, 487 F.3d 317, 320-21 (CA6 2007).

This bankruptcy case under Chapter 13 was filed on April 5, 2010. Debtors scheduled the Suntrust Claims[1] as well as some $3,553.00 in unsecured claims without priority, consisting of an educational loan and a disputed $30 VISA charge. Debtors also scheduled unstated amounts of potential state and federal taxes relating to wholly owned businesses. No timely claims were filed by any taxing authority. On June 14, 2010, Debtors filed a motion to avoid the unsecured junior lien. That motion was unopposed by SunTrust Bank, and on July 21, 2010, this court entered an Order that, upon such time as the Debtors completed all of their obligations under a confirmed Chapter 13 Plan, the junior lien would be avoided. The authority for avoiding a totally unsecured homestead mortgage appears in such cases as *In re Millard*, 414 B.R. 73 (D. Md. 2009); *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009); *In re Lane*, 280 F.3d 663, 667-69 (CA6 2002). No appeal was taken from the Order by the affected party, SunTrust Bank.

After Debtors' Chapter 13 Plan was denied with leave to amend, and Debtors filed an Amended Plan, the Chapter 13 Trustee filed a Supplemental Objection to confirmation, urging that, by virtue of the addition of § 1328(f) in the 2005 Amendments to the Bankruptcy Code, Congress did not intend to expand a debtor's remedies in the manner proposed here by the Debtors. By an Order entered September 15, 2010, accompanied by a Memorandum of even date, the court overruled the Trustee's Objection. The court will not repeat the substance of the Memorandum concerning the difference in opinion among courts as to whether a debtor is entitled to avoid a wholly unsecured lien in a Chapter 20 case where the debtor is ineligible, as here, to receive a Chapter 13 discharge.[2] The fact is that the court entered a final order and, in so

---

[1] Under 11 U.S.C. § 102(2), a claim against the debtor includes a claim against property of the debtor.

[2] Under 11 U.S.C. § 1328 (f)(1), the debtor shall not be granted a discharge in a case under Chapter 13 where the debtor received a discharge in a case under Chapter 7 in the four-year period prior to filing the Chapter 13 case. As noted in the case of *In re Bateman,* 515 F.3d 272, 282 (CA4 2008), a debtor ineligible for discharge may file a case under Chapter 13 and reorganize her financial life without receiving the debtor's holy grail of a discharge.

doing, the court found the holding of *In re Tran*, 431 B.R. 230, 235 (B.C. N.D. Cal. 2010), particularly insightful. *See also In re Hill*, 440 B.R. 176 (B.C. S.D. Cal. 2010); *In re Frazier*, __ B.R. __ 2011 WL 96836 (B.C. E.D. Cal. Jan. 10, 2011). There is a substantial a division of authority on this point. *See In re Fenn,* 428 B. R. 494, 503 (B.C. N.D. Ill. 2010); *In re Jarvis,* 390 B.R. 600 (B.C. C.D. Ill. 2008); *In re Mendoza*, 2010 WL 736834 (B.C. Colo. Jan. 21, 2010).

     The remaining issue before the court is whether this bankruptcy case was filed in good faith, a requirement for confirmation under § 1325(a)(7) of the Bankruptcy Code. The court will consider this issue in light of the totality of circumstances and the nonexclusive factors as set forth in *Deans v. O'Donnell*, 692 F.2d 968, 972 (CA4 1982), and *Neufeld v. Freeman*, 794 F.2d 149, 152 (CA4 1986), as well as the testimony offered at the hearing. First, it has been held in this circuit that the filing of a case under Chapter 13 less than thirty days after the closing of a case under Chapter 7, in itself, does not indicate a lack of good faith on the part of a debtor. *In re Bridges*, 326 B.R. 345 (B.C. S.C. 2005).[3] The court found the Pollards' testimony regarding the demise of a small retail store, despite their efforts to save it through a costly access to retirement funds, as well as their search for housing, to be particularly compelling. The court finds that, at the time Debtors filed the bankruptcy case under Chapter 7, they did not do so with the intention of following up with a case under Chapter 13 so as to enable the outcome sought here. Had the same counsel filed both cases, the court might look at the matter differently, but that is not the case here. The court is impressed by the changed financial situation of the parties and finds neither egregious pre-filing conduct on their part nor an attempt to manipulate the bankruptcy system. In the case of *In re Cushman*, 217 B,R. 470, 477-479 (B.C. E.D. Va. 1998), Judge Mitchell, while finding that the debtor's case under Chapter 13 filed two and one-half months after a chapter 7 discharge was not filed in good faith, listed four factors for the court to consider in this scenario:

    1. The proximity in time of the chapter 13 filing to the chapter 7 filing;

    2. Whether the debtor has incurred some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a chapter 13 plan;

    3. Whether the two filings accomplish a result that is not permitted in either chapter

---

[3]*But see In re Craig*, 222 B.R. 266 (B.C. E.D. Va. 1998), where the court sustained an objection to a zero payment Chapter 13 plan that was filed in a case filed sixteen days after the closure of a case under Chapter 7.

standing alone, and

4. Whether the two filings treat creditors in a fundamentally fair and equitable manner or whether they are rather an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code.

Here there was an eight month hiatus between the closing of the first case and the filing of the second case. Debtors' financial situation as noted on Schedule J showed that, during this hiatus, they have progressed from a monthly deficit of $4,288.62 to a monthly surplus of $200.58, fueled largely by Mr. Pollard's employment.  The two filings accomplished a result often permitted in cases under Chapter 20, and the court does not find that this case works an abuse of the Bankruptcy Code or a manipulation of the bankruptcy system.  While this case will not result in the issuance of a discharge, that is of no moment as the Debtors' personal liability on the SunTrust obligations has been discharged, leaving only in rem liability, their student loan debt remains subject to 11 U.S.C. § 523(a)(8), and the remaining unsecured claims aggregate less than $100.00.

Finally, and perhaps most importantly, the party affected by the Debtors' Chapter 20 Plan did not come forward to express the slightest interest in opposing Debtors' efforts. The court does not find this lack of action to be an oversight.  Inasmuch as the senior lien retained by SunTrust Bank is massively undersecured, it appears to the court that SunTrust Bank receives a substantial benefit from keeping these Debtors in the house and by Debtors making payments due under the senior lien that, if foreclosed upon, would not realize anything close to the amount due.  In the totality of the circumstances presented, the court finds that the Trustee's motion to dismiss the Chapter 13 case is not in the best interests of the estate or its creditors.  An appropriate Order will be entered.

cc:
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Ronald and Vivian Pollard, 2008 Foxmeadow Way, Bowie MD, 20721
Manny Montero, Esq., 1110 Bonifant Street, #510, Silver Spring, MD 20910
SunTrust Bank, c/o Sylvia Kidd, Support Services, P.O. Box 85092, Richmond, VA 23286
SunTrust Bank, c/o Linetta Jones, Crestar Bank, 25th Floor, 120 E. Baltimore Street, Baltimore,
    MD 21202
Kevin Feig, Esq., Bierman, Geesing & Ward, LLC, 4520 East West Highway, Ste. 200,
    Bethesda, MD 20814

**End of Memorandum**